LOUIS RORIMER, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 58850. Promulgated March 7, 1933.

*H. A. Mihills, C. P. A.*, for the petitioner.
*Hartford Allen, Esq.*, and *E. A. Beck, Esq.*, for the respondent.

OPINION.

Van Fossan: The issue is whether or not the amount of $14,644 received by the petitioner upon the redemption in 1927 of 144–64/100 shares of the preferred stock of the Rorimer-Brooks Studios Company, which were issued to him as stock dividends in 1917 and 1920, is taxable as income under the provisions of section 201 (g) of the Revenue Act of 1926.

The petitioner contends that as a result of the redemption he realized a gain of $4,205.70 which is taxable as a capital gain for the reason that the stock was held by him for more than two years. The parties have stipulated to the effect that if the petitioner's contention prevails in this proceeding the taxable gain is $4,205.70. Section 201 (g) of the Revenue Act of 1926 reads as follows:

If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend. In the case of the cancellation or redemption of stock not issued as a stock dividend this subdivision shall apply only if the cancellation or redemption is made after January 1, 1926.

The preferred stock here involved was admittedly issued to the petitioner as stock dividends in 1917 and 1920 and the redemption was effected after January 1, 1926. Consequently the question for determination is whether the redemption of the stock in 1927, under the circumstances set out in the findings of fact, was " at such time and in such manner " as to make the amount paid by the corporation essentially equivalent to the payment of a taxable dividend. We have heretofore considered the principles underlying the provisions of section 201 (g) and the manner of their application. *Alfred H. Laun,* 26 B. T. A. 764; *Pearl B. Brown, Executrix,* 26 B. T. A. 901; *Harry A. Koch,* 26 B. T. A. 1025; *Robert R. Meyer,* 27 B. T. A. 44; *Annie Watts Hill,* 27 B. T. A. 73. In *Harry A. Koch, supra,* we stated that the purpose of the quoted provisions of the statute " is to make futile the employment of a roundabout plan of distributing

corporate earnings which, if made as dividends are ordinarily paid, would be taxable." In *Pearl B. Brown, supra,* we said:

> While the obvious device, by a close corporation having a surplus, consisting of an expansion of capitalization, a stock issue and stock redemption, all within a short time pursuant to a unified plan, is plainly within the statute (see C. B. VIII-2, p. 133), the flexible language of the provision makes it clear also that its burdens were not to be imposed arbitrarily (see C. B. VI-2, p. 14). As the taxpayer may not, in view of this statute, avoid the tax by an artificial device of empty forms, cf. *W. C. Huntoon,* 14 B. T. A. 459, so the Government may not, under this statute, impose a tax merely because there has been a stock redemption, where the circumstances are free from artifice and beyond the terms and fair intendment of the provision. Of course, where the language of the statute is specific and inelastic there is no room for avoiding its effect, whatever the inconsistency with the general purpose as disclosed by later enactments, cf. *John Stewart Bryan,* 20 B. T. A. 573; but, generally speaking, the provisions should be treated as special and applied to promote its special purpose (see *Laun et al.,* 26 B. T. A. 764).

This proceeding is distinguished from *Annie Watts Hill, supra,* in which we held that the existence of a relationship between the issuance and redemption of stock, evidencing a continuing unified plan to distribute surplus, is not the sole test to be applied in determining whether or not a distribution coupled with a redemption or cancellation of stock is equivalent to the distribution of a taxable dividend. We said that: "We must also scrutinize the redemption and distribution with respect to the time and manner when they *occur* and the circumstances surrounding them *at that time.*" In that proceeding preferred stock was redeemed and canceled at a time when it was supplanted *simultaneously* in the capital structure of the corporation by a like amount of common stock. Consequently, the corporation's liability upon its outstanding capital stock was unchanged in amount because of the transaction. We, therefore, held that this fact, coupled with the existence at that time of accumulated undivided earnings available for the payment of a dividend, brought the redemption and cancellation within the provisions of section 201 (g).

Manifestly, the facts in the present proceeding are not such as to bring it within the purview of our decision in *Annie Watts Hill, supra.*

In the present proceeding the respondent concedes in his brief that there was no premeditated plan or artifice on the part of petitioner in connection with the entire transaction and that the element of tax avoidance or evasion is not present. That petitioner was motivated in all respects by a perfectly lawful purpose adequately appears from our findings of fact. The redemption and retirement of the stock worked a reduction in the capital structure. The 285 shares of stock redeemed in 1927, included 58-56/100 shares bought

from other stockholders at par in 1917; 80 shares similarly acquired in 1925; 141–44/100 shares received as a stock dividend in 1917 and 5 shares likewise received in 1920. There is no evidence of a subsequent reissuance of all or any part of this stock.

We find nothing in the present proceeding to distinguish it essentially from *Pearl B. Brown, Executrix, supra,* and *Robert R. Meyer, supra.* We, therefore, hold that the redemption in question was not made at such time and in such manner as to make it " in whole or in part essentially equivalent to the distribution of a taxable dividend." The petitioner owned the stock redeemed for more than two years. His gain is, therefore, taxable as a capital gain, amounting to the sum stipulated.

*Decision will be entered under Rule 50.*